UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:    PRELIMINARY ORDER OF
    - v. -                                     FORFEITURE/
:    MONEY JUDGMENT
DWIGHT REID,
   a/k/a "Dick Wolf,"             :    S10 20 Cr. 626 (PMH)

           Defendant.         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about August 15, 2023, DWIGHT REID a/k/a "Dick Wolf" (the "Defendant"), was charged, among others, in three of four-count Superseding Indictment, S10 20 Cr. 626 (PMH) (the "Indictment"), with racketeering conspiracy, in violation of Title 18, United States Code, Sections 1962(d) and 1963 (Count One); narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count Three); and possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Sections 924()(1)(A)(i)and 2 (Count Four);

        WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1962, any and all interests the Defendants acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in, securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the Defendant established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any and all property constituting and derived from proceeds obtained, directly and indirectly, from the racketeering activity alleged in Count One of this Indictment, including but not limited to a sum

of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Indictment further included a forfeiture allegation as to Count Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count Three of the Indictment and any and all property used, or intended to be used, in any manner or part to commit, or to facilitate the commission of, the offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Three of the Indictment;

WHEREAS, on or about November 15, 2023, the Defendant was found guilty, following a jury trial, with respect to Counts One and Three of the Indictment;

WHEREAS, the Government asserts, pursuant to Title 18, United States Code, Section 1962 and Title 21, United States Code, Section 853, that $75,000 in United States currency represents the proceeds traceable to the commission of the offenses charged in Counts One and Three of the Indictment, that the Defendant personally obtained;

WHEREAS, the Government seeks a money judgment in the amount of $75,000 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One and Three of the Indictment, that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his co-defendants, Christopher Erskine, Walter Luster, Deshawn Thomas, Donavan Gillard, Brandon Nieves, Ahmed Walker, Caswell Senior, Shanay Outlaw, Brandon Soto, Dezon Washington, Stephen Hugh, Jordan Ingram, Isaiah Santos,

Roberta Sligh, Brinae Thornton, and Jamal Trent (the "Co-Defendants") to the extent forfeiture money judgments are entered against the Co-Defendants in this case; and

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Three of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One and Three of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $75,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Three of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his Co-Defendants to the extent forfeiture money judgments are entered against the Co-Defendants in this case, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, DWIGHT REID, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____
HONORABLE PHILIP M. HALPERN
UNITED STATES DISTRICT JUDGE

5/21/2024
DATE